IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NESTOR BERON, ON BEHALF OF**      CASE NO.:
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

       **Plaintiff,**

vs.

**MIGUEL ALVAREZ, D/B/A**
**GUSTECH COMMUNICATIONS -**
**ORLANDO,**

       **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NESTOR BERON, on behalf of himself and those similarly situated, by and through the undersigned attorneys, sues the Defendant, MIGUEL ALVAREZ, d/b/a GUSTECH COMMUNICATIONS - ORLANDO, and alleges:

1. Plaintiff, NESTOR BERON, was an employee of Defendant, MIGUEL ALVAREZ, d/b/a GUSTECH COMMUNICATIONS - ORLANDO, and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was a piece rate paid employee performing installer activities within the last three years for Defendant in Polk County, Florida, among others.

3. Defendant, MIGUEL ALVAREZ, is an individual resident of the state of Florida who operates under the fictitious name GUSTECH COMMUNICATIONS – ORLANDO. Defendant operates and conducts business in, among others, Polk County,

Florida and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every piece rate paid installer who worked for Defendant at any time within the past three (3) years within the State of Florida.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) in that Defendant had two or more employees engaged in interstate commerce and had over $500,000 in gross sales annually. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated installers, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated installers, for those hours in excess of forty (40) within a work week, and to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

8. During their employment with Defendant, Plaintiff, and those similarly situated installers, were misclassified as independent contractors and thus, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks, and were not always paid a minimum wage for each hour worked within a work week.

9. Plaintiff, and those similarly situated installers, should not have been

classified as independent contractors because the factors of the "economic reality test" show that Plaintiff, and those similarly situated installers, should have been classified as employees.

10. The additional persons who may become plaintiffs in this action are similarly situated installers who were misclassified as independent contractors and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours, and did not always receive minimum wages.

11. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated installers, are in the possession and custody of Defendant.

12. All conditions precedent to this filing of this action have been performed or waived.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12 above.

14. Plaintiff, and those similarly situated installers, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

15. During their employment with Defendant, Plaintiff, and those similarly situated installers, were misclassified as independent contractors and worked overtime hours but were not paid time and one-half compensation for same. Plaintiff, and those similarly situated installers, only received their straight piece rate.

16. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated installers, time and one-half their regular rate of

pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated installers, have suffered damages plus incurring reasonable attorneys' fees and costs.

17. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated installers, are entitled to liquidated damages.

18. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NESTOR BERON, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12 above.

20. Plaintiff, and those similarly situated installers, are/were entitled to be paid minimum wages for each hour worked during employment with Defendant.

21. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate him for same.

22. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

23. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

24. As a direct and proximate result of Defendant's deliberate underpayment of

wages, Plaintiff, and those similarly situated installers, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NESTOR BERON, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF MINIMUM WAGES (STATE LAW)

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12 above.

27. Plaintiff, and those similarly situated installers, are/were entitled to be paid minimum wage for each hour worked during employment with Defendant.

28. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate them for same.

29. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

30. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

31. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated installers, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NESTOR BERON, on behalf of himself and those

similarly situated, demands judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 23rd day of April, 2010.

_____
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff