UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NESTOR BERON

    Plaintiff,

v.                                  CASE NO.  8:10-CV-1014-T-33TBM

MIGUEL ALVAREZ, D/B/A GUSTECH
COMMUNICATIONS-ORLANDO,

    Defendant.
_____/

## UNOPPOSED MOTION OF FORD & HARRISON LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to M. D. Fla. L.R. 2.03(b), and as more fully set forth in the incorporated memorandum of law, James G. Brown, Kathryn A. Terry and the law firm of Ford & Harrison LLP ("defense counsel"), who currently represent Defendant Miguel Alvarez d/b/a Gustech Communications -Orlando ("Defendant") in the above-captioned matter, file this Unopposed Motion for Leave to Withdraw from any further representation of Defendant due to irreconcilable differences.

    1.    Specifically, Defendant and the undersigned counsel have irreconcilable differences that have made it impossible for the undersigned or their firm to continue to represent Defendant.  Without revealing communications in violation of the attorney-client privilege, there is a material difference between undersigned counsel and Ford & Harrison

LLP's approach and Defendants' approach to the litigation in this case, which significantly hinders Ford & Harrison LLP's representation of Defendants.

2. Further, Defendant has specifically advised the undersigned to cease work on his case pending his correspondence to the Court notifying the Court he no longer wishes to be represented by Ford & Harrison LLP, James G. Brown or Kathryn A. Terry.

3. Thus, the undersigned counsel desires to withdraw as counsel for Defendant and Defendant does not oppose this Motion to Withdraw.

4. This motion is not being filed to disrupt the proceedings, but on the sole ground that the conflict with Defendant prevents the undersigned counsel and their law firm from adequately representing the Defendant's interests in this case.

5. The undersigned counsel has good cause to withdraw, and withdrawal will not prejudice Defendant at this stage of the case.

6. The last known address known for Defendant is:

Miguel Alvarez
11753 South Orange Blossom Trail
Warehouse E
Orlando, Florida 32837

7. Miguel Alvarez d/b/a Gustech Communications-Orlando is not incorporated in Florida or any other states.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

Defense counsel certifies that they have complied with M. D. Fla. L.R. 2.03(b) and 3.01(g) by providing written notice to Defendant and Plaintiffs' counsel of their intent to file

this Motion on October 5, 2010, ten (10) days before it was filed with the Court. Plaintiffs counsel C. Ryan Morgan responded on October 5, 2010 and did not object to the motion.

## MEMORANDUM OF LAW

On April 28, 2010, Plaintiffs filed a Complaint against Defendant alleging overtime violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Dkt.1). Defendant, via Ford & Harrison LLP, answered the Complaint on May 28, 2010 (Dkt. 6).

Rule 4-1.16 (b)(4) of the Rules Regulating the Florida Bar allows a lawyer to withdraw from representing a client "if withdrawal can be accomplished without material adverse effect on the interests of the client, **or** if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" (emphasis added).

"In a civil case, an attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice of his client and approval by the court. Approval by the court should rarely be withheld." *Fisher v. State*, 248 So. 2d 479, 486 (Fla. 1971); *see also Preddy, Cutner, et al, v. Kleinschmidt*, 498 So. 2d 453, 454 (Fla. 3d DCA 1986); *Becker & Napolikoff v. King*, 642 So. 2d 821 (Fla. 4th DCA 1994) (quashing trial court's order denying law firm's motion to withdraw and remanding with directions to grant the motion where clients had not been making payments to their lawyers). The federal courts have also recognized that a "client's failure to pay attorney's fees may well support the withdrawal of counsel." *Obermaier v. Driscoll*, 2000 WL 33175446, *1 (M.D. Fla. 2000), citing *Hammond v. T.J. Litle & Co.*, 809 F.Supp. 156 (D. Mass.1992); *see also Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446 at *1 (S.D.

N.Y. July 18, 1997); *White Consol. Indus., Inc. v. Island Kitchens, Inc.*, 884 F. Supp 176, 180 (E.D. Penn.1995).

  While Plaintiff has sent and Defendant has not yet responded to written discovery no depositions have been taken and the withdrawal of Ford & Harrison LLP can be accomplished without material adverse effect on Defendant.  Currently, discovery is scheduled to close on February 25, 2011; Ford & Harrison LLP's withdrawal would not affect any case management deadlines.  Defense counsel requests that the Court stay the proceedings for a reasonable period of time, of at least 30 days, to permit Defendants to retain new counsel.

  WHEREFORE, James G. Brown, Kathryn A. Terry and the law firm of Ford & Harrison LLP respectfully request that this Court grant their Motion for Leave to Withdraw and enter an order staying the proceedings for a reasonable period of time, of at least 30 days, to permit Defendant to retain new counsel.

Dated: this 19th day of October, 2010.

Respectfully submitted,

By: s/Kathryn A. Terry
  James G. Brown
  Florida Bar No. 0126331
  E-mail: jbrown@fordharrison.com
  Kathryn A. Terry
  Florida Bar No. 0584991
  E-mail: kterry@fordharrison.com
  FORD & HARRISON LLP
  300 S. Orange Avenue, Suite 1300
  Orlando, FL 32801
  (407) 418-2300 – Telephone
  (407) 418-2327 – Facsimile

  Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

  s/Kathryn A. Terry
  Kathryn A. Terry

Orlando:176532.1