UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NESTOR BERON,

        Plaintiff,

vs.                           Case No. 8:10-cv-1014-T-33TBM

MIGUEL J. ALVAREZ,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Bench Trial (Doc. # 61), which was filed on October 27, 2011, in this Fair Labor Standards Act case. For the reasons that follow, the Court denies the Motion.

**I.   Background**

Plaintiff initiated this FLSA action, on behalf of himself and those similarly situated, on April 28, 2010. (Doc. # 1). Plaintiff seeks overtime compensation and minimum wage payments. Id. Plaintiff's complaint includes a jury demand. Id. at ¶ 32. Defendant filed his answer and affirmative defenses on May 28, 2010. (Doc. # 6). The parties filed a Case Management Report on September 2, 2010, indicating that the case should be set for a jury trial. (Doc. # 16). On October 4, 2010, this Court entered its Case Management and Scheduling Order setting this case for a jury trial during the August 2011, trial term. (Doc. # 17). The Court entered an

Amended Case Management and Scheduling Order on July 8, 2011, upon Defendant's unopposed motion for a continuance, setting the case for a jury trial during the Court's November 2011, trial term. (Doc. # 51). The parties filed a Joint Pretrial Statement on October 12, 2011, affirming that this case is set for a jury trial, and estimating that the case will take two days to try. (Doc. # 57 at 5).

This Court held the pretrial conference on October 13, 2011. (Doc. # 62). The Court's pretrial order remarks that the case is set for a November 2011, jury trial and further states, "[t]he parties' Pretrial Statement (Doc. # 57) will control the course of the trial and may not be amended without approval from the Court." (Doc. # 63 at ¶ 2). On October 27, 2011, Plaintiff filed a Motion for a Bench Trial. (Doc. # 61). In the Motion, Plaintiff indicates that Defendant opposes the Motion.

## II. Discussion

The Seventh Amendment right to a jury trial is deeply ensconced in American jurisprudence and is an "essential component to our federal judicial system." <u>FGDI, Inc. v. Bombadier Capital Rail, Inc.</u>, 383 F. Supp. 2d 1350, 1352 (M.D. Fla. 2005). "The Seventh Amendment preserves the right to trial by jury in suits in which legal rights are to be

determined in contrast to those in which equitable rights and remedies are involved." Phillips v. Kaplus, 764 F.2d 807, 811-12 (11th Cir. 1985)(citing Parsons v. Bedford, 28 U.S. 433, 466 (1830)).  Rule 38(a) of the Federal Rules of Civil Procedure underscores, "[t]he right of trial by jury . . . is preserved to the parties inviolate."  Rule 38 further explains, "[o]n any issue triable of right by a jury, a party may demand a jury trial" and "[a] proper demand may be withdrawn only if the parties consent." Rule 38(a), (d), Fed.R.Civ.P. (emphasis added).

"When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless" the parties so stipulate or the Court finds that there is no federal right to a jury trial. Rule 39(a), Fed.R.Civ.P.

FLSA cases brought by individual plaintiffs seeking damages, such as the present case, are triable as of right by a jury. EEOC v. Chrysler Corp., 759 F.2d 1523, 1525 (11th Cir. 1985); Marshall v. Hanioti Hotel Corp., 490 F. Supp. 1020, 1023 (N.D. Ga. 1980).  Plaintiff made a demand for a jury trial in the complaint, and such demand has not been withdrawn pursuant to Rules 38(d) or 39(a)(1) of the Federal Rules of Civil Procedure.  Nor could such demand be withdrawn at this

juncture because Defendant does not consent to a bench trial. When a proper jury demand has been made, such demand applies to all parties for the duration of the case. See, e.g., Manrique v. Fagan, Case No. 08-60501, 2009 U.S. Dist LEXIS 61794, at *25 (S.D. Fla. March 16, 2009)("proper [jury] demand may be withdrawn only if the parties consent.  This is necessary to protect the reliance that other parties may be placing on the demand.  And Plaintiff has clearly not consented to Defendant's withdrawal of his jury demand. Therefore, Defendant may not do so unilaterally."); Partee v. Buch, 28 F.3d 636, 636 (7th Cir. 1994)("plaintiff . . . was entitled to rely on the defendant's jury demand and was not required to file a separate jury demand on his own."); Gargiulo v. Delsole, 769 F.2d 77, 79 (2d Cir. 1985)("plaintiffs were, of course, entitled to rely on defendant's jury demand to preserve their own right to a jury trial.")

Without Defendant's consent, Plaintiff may not withdraw his proper jury demand.  Furthermore, the Court determines that granting Plaintiff's unilateral request to convert this matter to a bench trial would unreasonably and unfairly thwart Defendant's reasonable expectation that this legal action will be tried by jury.  Accordingly, the Court denies the Motion.

The parties are on notice that this case may be called for a jury trial at any time henceforth.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiff's Motion for Bench Trial (Doc. # 61) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of November, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record