UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NESTOR BERON, on Behalf of
Himself and Those Similarly
Situated,

       Plaintiffs,
v.                            Case No. 8:10-cv-1014-T-33TBM

MIGUEL ALVAREZ d/b/a Gustech
Communications-Orlando,

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion in Limine to Exclude Evidence (Doc. # 60), which was filed on October 17, 2011. Defendant failed to file a response in opposition to the Motion in Limine. The Court grants the Motion in Limine in part as follows.

**Discussion**

This case is set for a jury trial during the Court's November 2011, trial term. Plaintiffs seek an order prohibiting pro se Defendant from offering into evidence any testimony or exhibits that he failed to disclose to Plaintiffs during discovery. In addition, Plaintiffs seek an order preventing Defendant from mentioning to the jury that he is pro se and that he cannot afford an attorney.

The Court determines that the Motion is an unopposed

Motion. Defendant was given ample opportunity to prepare and file a response to the Motion in Limine but elected not to do so. The Court grants the Motion in Limine with respect to items of evidence not disclosed in discovery and Defendant's financial status.

In the instance that Defendant failed to produce certain items of evidence to Plaintiffs during discovery, he should not be permitted to tender such items as evidence during the trial. Allowing the introduction of such evidence would unfairly surprise and prejudice Plaintiffs.

In addition, while the jury will quickly ascertain that Defendant is appearing pro se, Defendant is prohibited from mentioning to the jury that he is appearing pro se because he is unable to afford an attorney. Such a comment would not be relevant and could possibly lead the jurors to reach a verdict based upon sympathy for Defendant due to his financial status. Defendant is permitted, however, to refer to himself as "pro se" because, throughout this litigation, the Court has repeatedly referred to Defendant as "pro se" and will continue to do so under appropriate circumstances.

Defendant's status as a pro se litigant, on its own, is not prejudicial to Plaintiffs. Each member of the public has the right to appear before the Court without the assistance of

2

an attorney in civil cases, such as the present one. The fact that Defendant has elected to proceed without counsel is not something that he should be barred from disclosing during the trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion in Limine to Exclude Evidence (Doc. # 60) is **GRANTED in PART** as follows:

(A) Defendant is prohibited from introducing evidence during trial that he did not produce to Plaintiffs in due course during the discovery phase of this case.

(B) Defendant is prohibited from mentioning to the jury that he is unable to afford an attorney.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of November, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: Counsel and Parties of Record