```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

NESTOR BERON, on Behalf of
Himself and Those Similarly
Situated,

       Plaintiffs,
v.                                Case No.  8:10-cv-1014-T-33TBM

MIGUEL ALVAREZ d/b/a Gustech
Communications-Orlando,

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Alvarez's pro se objection to Armando Castro's Notice of Consent to Join this FLSA action. (Doc. # 41). For the reasons that follow, the Court overrules Alvarez's objection.

**I.   Background**

On April 28, 2010, Beron, a satellite installer, initiated this FLSA action against Alvarez pursuant to 29 U.S.C. § 216(b). (Doc. # 1). Angel Rivera, also a satellite installer, filed a Notice of Consent to Join as an opt-in Plaintiff several days later on May 4, 2010. (Doc. # 4).

On June 3, 2010, the Court entered its FLSA Scheduling Order. (Doc. # 8). On June 16, 2010, Beron, Rivera and Armando Castro each filed Answers to the Court's Interrogatories. (Doc. # 10). On July 12, 2010, Alvarez filed

a verified summary of hours worked for Beron, Rivera, and Castro. (Doc. # 13). The parties engaged in settlement conferences pursuant to the FLSA Scheduling Order; however, the parties were unable to reach a compromise. (Doc. ## 14, 15). The parties filed a Case Management Report (Doc. # 16) on September 2, 2010, and the Court entered its Case Management and Scheduling Order (Doc. # 17) on October 4, 2010. Among other deadlines, the Court established October 29, 2010, as the deadline for filing third party claims, motions to join parties, and motions to amend pleadings. (Doc. # 17 at 1).

On April 18, 2011, Armando Castro, also a satellite installer, filed a Notice of Consent to Join. (Doc. # 38). Alvarez, who is appearing pro se, raised an objection to Castro's Consent to Join, characterizing it as untimely under the Case Management and Scheduling Order and indicating, "the Plaintiff does not have the legal authority to add Mr. Armando Castro as a joined Plaintiff to this action." (Doc. # 41). Beron responded by asserting that "allowing Mr. Castro's consent to join will not prejudice any parties." (Doc. # 43 at 2).[1]

---

[1] It should be noted that Alvarez has not objected to the inclusion of opt-in Plaintiff Angel Rivera. Angel Rivera's

## II. Legal Standard

The FLSA expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime provisions. See 29 U.S.C. § 216(b) ("[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In prospective collective actions brought pursuant to Section 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

Pursuant to Section 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged" activity. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

## III. Analysis

This case is set for a jury trial during the present

---

Notice of Consent to Join (Doc. # 4) was filed on May 4, 2010.

3

trial term.  Alvarez objects to Castro's inclusion in this suit.  Beron, on the other hand, requests that the Court allow Castro to participate in this action as an opt-in Plaintiff even though Castro did not file his notice of consent to join until one year after the complaint was filed:

> Even though Mr. Castro's consent to join was inadvertently not [timely] filed with this Court, Defendant had more than sufficient notice of Mr. Castro's desire to join this lawsuit.  Mr. Castro filed Answers to this Court's Interrogatories (see Doc. # 10-1), Defendant filed a verified summary [of hours worked] for Mr. Castro (See Doc. # 13), Defendant attempted to notice Mr. Castro for a deposition (See Exhibit A), and Defendant even served a request for production of documents to Mr. Castro (See Exhibit B).  Defendant can claim no surprise that Mr. Castro filed a consent to join this lawsuit since Defendant has acted as if Mr. Castro filed such consent initially.

(Doc. # 43 at 2).

Alvarez's only objection to the inclusion of Castro as an opt-in Plaintiff is that Castro's Notice of Consent to Join was filed after the Court's joinder deadline.  After due consideration, the Court determines that the ends of justice compel allowing Castro to participate in the imminent jury trial as an opt-in Plaintiff.  Alvarez has been aware of Castro's status as a claimant since the inception of this suit, as evidenced by Castro's answers to the Court's Interrogatories (Doc. # 10) and Alvarez's filing of a verified

4

summary of Castro's hours worked. (Doc. # 13).  Alvarez is correct in his assertion that Castro's Notice of Consent to Join was untimely filed.  However, since the parties have "acted as if [Castro] was a part of this lawsuit from day one," the Court overrules Alvarez's objection to Castro's Notice of Consent to Join.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court overrules Alvarez's objection (Doc. # 41) to Armando Castro's Notice of Consent to Join.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of November, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel and Parties of Record